ORIGINAL

Approved: _____
JACOB WARREN
Assistant United States Attorney

[Stamp: U.S. DISTRICT COURT FILED MAR 22 2017 S.D. OF N.Y.]

DOC #_____

Before:   THE HONORABLE HENRY B. PITMAN
          United States Magistrate Judge
          Southern District of New York

**17 MAG 2088**

- - - - - - - - - - - - - - - - - - X
                                    :  **SEALED COMPLAINT**
UNITED STATES OF AMERICA            :
                                    :  Violations of 18 U.S.C.
     - v. -                         :  §§ 2250, 1952(a)(3), and
                                    :  2
ANTHONY JOHNSON,                    :
                                    :  COUNTY OF OFFENSE:
                    Defendant.      :  BRONX
                                    :
- - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

MICHAEL ROMANI, being duly sworn, deposes and says that he is a Senior Inspector with the United States Marshals Service ("USMS"), and charges as follows:

**COUNT ONE**
**(Violation of SORNA)**

1.   From at least in or about January 2017 up to and including in or about the present, in the Southern District of New York and elsewhere, ANTHONY JOHNSON, the defendant, being an individual required to register under the Sex Offender Registration and Notification Act ("SORNA") and a sex offender as defined for the purposes of SORNA by reason of a conviction under Federal law, unlawfully and knowingly did fail to register and update a registration as required by SORNA, to wit, JOHNSON moved from a residence in New York, New York, without updating his registration in New York.

(Title 18, United States Code, Section 2250.)

## COUNT TWO
### (Use of Interstate Commerce to Promote Unlawful Activity)

2. From at least in or about October 2016, up to and including in or about the present, in the Southern District of New York and elsewhere, ANTHONY JOHNSON, the defendant, did use and cause to be used facilities in interstate and foreign commerce, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity, to wit, JOHNSON traveled in interstate commerce to carry on a criminal business engaged in prostitution, and promoting prostitution, in violation of New York Penal Law §§ 230.00, 230.20, 230.25, 230.30, and 230.32.

(Title 18, United States Code, Sections 1952(a)(3) and 2.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

3. I am a Senior Inspector with the USMS and have been so employed for 18 years. In my current position, I investigate violations of federal criminal laws, including violations of Title 18, United States Code, Section 2250 and related offenses.

4. Based on my review of documents from the United States District Court for the Southern District of Florida, I have learned, in substance and in part, that:

a. On or about March 6, 2008, ANTHONY JOHNSON, the defendant, was convicted after a plea of guilty of sex trafficking of a minor, in violation of Title 18, United States Code, Sections 1591(1)(1) and (b)(2). On December 6, 2011, JOHNSON was sentenced to a term of 88 months' imprisonment to be followed by seven years of supervised release (the "Conviction"). As a result of the Conviction, JOHNSON is required to register as a sex offender under SORNA until August 5, 2035.

b. On or about July 8, 2015, JOHNSON was released from prison, after completing his sentence resulting from the Conviction, and began his seven years of supervised release. JOHNSON was permitted to begin his term of supervised

2

release in the Southern District of New York, and to reside with a family member at a particular address in the Bronx, New York (the "SORNA Residence"). Based on my review of JOHNSON's New York State Sex Offender Registration Form, since his initial registration under SORNA, in or around July 2015, JOHNSON has not updated his SORNA Residence.

        c.   SORNA requires sex offenders to update their address "not later than 3 business days after each change of . . . residence . . . [and] appear in person in at least 1 jurisdiction . . . and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry." See 42 U.S.C. § 16913(c).

### Overview

        5.   Based on my investigation to-date, including in-person surveillance of JOHNSON, my review of records from a Global Positioning System ("GPS") tracking device (the "GPS Device"), video surveillance footage from the SORNA Residence, and my review of reports and records, I have learned, among other things, that JOHNSON does not, in fact, reside at the SORNA Residence, and that JOHNSON appears to be engaged in the criminal business of prostitution across state lines.

### The Investigation

        6.   In January 2017, the USMS along with local law enforcement set up a video camera outside of JOHNSON's SORNA Residence that recorded all persons entering and leaving the SORNA Residence(the "Surveillance Footage"). Based on my review of reports from a law enforcement officer that reviewed the Surveillance Footage, I have learned, among other things, that the following occurred during the month of February 2017:

        a.   JOHNSON did not show up at the SORNA Residence on February 1, 2017 or February 2, 2017;[1]

        b.   JOHNSON did not show up at the SORNA Residence on February 5, 2017;

---

[1] The Surveillance Footage from February 3, 2017 and February 4, 2017 cannot be reviewed because of a technical malfunction. Nonetheless, it appears that JOHNSON was not at the SORNA Residence on February 3, 2017 and February 4, 2017 based on data from the GPS Device, see infra ¶ 7.

c.  JOHNSON arrived at the SORNA Residence at approximately 2:43 PM on February 6, 2017 and left less than 45 minutes later at approximately 3:24 PM;

d.  JOHNSON did not show up at the SORNA Residence on February 7, 2017 through February 11, 2017;

e.  JOHNSON arrived at the SORNA Residence at approximately 3:14 PM on February 12, 2017 and left less than 30 minutes later at approximately 3:42 PM;

f.  JOHNSON did not show up at the SORNA Residence on February 13, 2017 through February 19, 2017;

g.  JOHNSON arrived at the SORNA Residence at approximately 3:16 PM on February 20, 2017 and left at 4:44 PM the same day;

h.  JOHNSON did not show up at the SORNA Residence on February 21, 2017 through February 24, 2017;

i.  JOHNSON arrived at the SORNA Residence on February 25, 2017 at approximately 2:15 PM and left less than 30 minutes later at approximately 2:40 PM;

j.  JOHNSON did not show up at the SORNA Residence on February 26, 2017 through February 28, 2017;

k.  Accordingly, during February 2017, JOHNSON stayed at the SORNA Residence for a total of approximately three hours.  See supra ¶¶ 6(c), (e), (i).

7.  On January 23, 2017, the Honorable James C. Francis IV, United States Magistrate Judge for the Southern District of New York, issued a warrant authorizing a Global Positioning System ("GPS") tracking device (the "GPS Device") on a blue 2006 Chrysler 300 VIN 2C3KA53G66H281449 and New York License Plate hkb2315, which is registered to JOHNSON (the "JOHNSON Vehicle").  The GPS Device was installed on the JOHNSON Vehicle on January 30, 2017.  Based on data from the GPS Device, as well as USMS surveillance on eighteen days in February 2017, I have learned, among other things, that:

a.  JOHNSON is the only person whom the USMS has observed driving the JOHNSON Vehicle.

4

b.  USMS surveillance and data from the GPS Device show a common pattern of travel for the JOHNSON Vehicle. Specifically, the JOHNSON Vehicle typically begins the day at a hotel in New Jersey in the morning and then travels to the Bronx, New York in the afternoon before returning to a hotel in New Jersey for the remainder of the day. Between on or about January 31, 2017 and on or about February 27, 2017, this same pattern occurred on eight different occasions.

c.  USMS surveillance and data from the GPS Device also show JOHNSON traveling from New Jersey to Maryland, and staying at hotels in Maryland for the remainder of the day. Between February 3, 2017 and February 19, 2017, this same pattern occurred on six different occasions.

8.  Based on USMS surveillance, I have learned, among other things, that:

a.  JOHNSON typically travels in the JOHNSON Vehicle to hotels in New Jersey and Maryland with one or more of the same two women (the "Two Women").

b.  Based on my review of records from the website "Backpage,"[2] I know that the Two Women both appear to be engaged in prostitution. Specifically, the Two Women all have advertisements on Backpage with photographs, and accompanying text, that appear to request others to engage in prostitution.[3]

9.  I have reviewed surveillance reports of JOHNSON conducted by a New York City Police Department Officer (the "NYPD Officer"); the surveillance was conducted after JOHNSON's court-ordered sex offender therapy sessions, located in Manhattan, on the following dates: November 9, 2016; November 29, 2016; December 5, 2016; and December 12, 2016. From my review of the reports, I have learned the following:

a.  As part of JOHNSON's mandatory supervision in the Southern District of New York, see supra ¶ 4, JOHNSON

---

[2]  Based on my training and experience, I know that Backpage.com is an online classifieds website that features advertisements for, among other things, escorts who engage in sex acts in exchange for money.

[3]  Based on my review of criminal history records, I know that the Two Women both have prior arrests for prostitution in different states.

provided a phone number ("Phone Number-1") to his Probation Officer.

    b. During surveillance conducted on November 9, 2016 and November 29, 2016, JOHNSON was with a woman ("Woman-3"). The NYPD Officer was able to positively identify Woman-3 through a photo identification that Woman-3 presented to the United States Probation Office, outside of JOHNSON's presence. The NYPD Officer later observed JOHNSON traveling with Woman-3 from JOHNSON's sex offender therapy sessions in Manhattan.

    c. On December 22, 2016, the NYPD Officer conducted an internet search of Phone Number-1. Phone Number-1 appeared on a prostitution advertisement on Backpage on October 24, 2016, along with a name and photograph of a woman that matched the name and photograph of Woman-3. The prostitution advertisement, and accompanying text, of Woman-3 on Backpage appears to indicate that Woman-3 is a prostitute, as follows: "Hi I'm A-- I do it all . . . My friends call me [Woman-3] Phone Number-1."[4] Woman-3 provided the same phone number on Backpage that JOHNSON provided to the United States Probation Office as his contact number.

  WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of ANTHONY JOHNSON, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

_____
MICHAEL ROMANI
Senior Inspector
United States Marshals Service

Sworn to before me this
22 day of March, 2017

_____
THE HONORABLE HENRY B. PITMAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

---

[4] Woman-3 posted another prostitution advertisement on Backpage on December 22, 2016.