```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
UNITED STATES OF AMERICA,

            - against -                     MEMORANDUM AND ORDER

ANTHONY JOHNSON,                            17 Cr. 212 (NRB)

                 Defendant.
---------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendant Anthony Johnson moves pro se for compassionate release from FCI Fairton, where he has served less than half of his 121-month sentence for conspiring to commit sex trafficking of a minor and failing to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"). Mr. Johnson argues that his asthma, hypertension, and prediabetes, in the setting of FCI Fairton during the COVID-19 pandemic, warrant his release.

Mr. Johnson moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to "reduce a term of imprisonment" if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).[1]  As the proponent of his release, Mr. Johnson bears the burden of demonstrating that his release is justified under Section 3582(c)(1)(A).  See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992).

Mr. Johnson has failed to establish extraordinary and compelling reasons for his release because he has made no showing that a prediabetic 36-year-old with asthma and hypertension, who manages his asthma and hypertension with an inhaler and prescription medication, is at a significant risk of serious illness from COVID-19.  Moreover, even if Mr. Johnson could establish extraordinary and compelling reasons for his release, Section 3582(c)(1)(A) requires the Court to consider the factors set forth in 18 U.S.C. § 3553(a), which include "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need . . . to afford adequate deterrence to criminal conduct," and "the need . . . to protect the public

---

[1] Section 3582(c)(1)(A) permits a court to reduce a defendant's sentence only "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). According to Mr. Johnson, more than 30 days have elapsed since he requested that the warden of FCI Fairton bring a motion for compassionate release on his behalf.  The Court accepts the truth of this unsubstantiated assertion for purposes of this motion.

from further crimes of the defendant." 18 U.S.C. § 3553(a). Those factors commandingly counsel against releasing Mr. Johnson, an unrepentant gang member with a significant criminal history who, while on supervised release following an 88-month prison sentence for sex trafficking a minor, conspired to commit the same offense while failing to reside at his registered SORNA residence.

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 61.

    **SO ORDERED.**

Dated:    New York, New York
           July 20, 2020

                                                      _____
                                                      NAOMI REICE BUCHWALD
                                                      UNITED STATES DISTRICT JUDGE

Copy to:

Anthony Johnson
Register No. 81532-004
FCI FAIRTON
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 420
FAIRTON, NJ 08320