UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

       - against -                           **MEMORANDUM AND ORDER**

ANTHONY JOHNSON,                           17 Cr. 212 (NRB)

            Defendant.
----------------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

      Defendant Anthony Johnson moves pro se for reconsideration of the Court's July 20, 2020 order denying his motion for compassionate release (ECF No. 63, "July 20 Op.").[1] (ECF No. 65.) For the following reasons, the Court denies Mr. Johnson's motion.[2]

      Mr. Johnson is serving a 121-month sentence for conspiring to commit sex trafficking of a minor and failing to register as a sex offender under the Sex Offender

---

[1] Barring the reduction of his sentence to time served and his immediate release, Mr. Johnson further requests that the Court (1) amend its judgment to recommend that he receive the maximum halfway house placement of one year afforded under the First Step Act, (2) reduce his sentence by up to 25%, and (3) appoint counsel "as it relates to 601 of the First Step Act and/or under the Criminal Justice Act" to "assist with the complexities of any future litigation." (ECF No. 65 at 14-15.)

[2] Under Local Criminal Rule 49.1, Mr. Johnson was required to file his motion for reconsideration within 14 days of the Court's decision, or August 3, 2020. S.D.N.Y. Local Crim. Rule 49.1(d). Mr. Johnson filed his motion to reconsider that ruling on September 16, 2020. While this procedural infirmity "is itself a sufficient basis for denial," the Court will decide Mr. Johnson's motion on the merits. United States v. Lisi, No. 15 Cr. 457, 2020 WL 1331955, at *1 (S.D.N.Y. Mar. 23, 2020) (noting that "courts retain the discretion to excuse an untimely filing") (citations omitted).

Registration and Notification Act ("SORNA").  He has served just over a third of that sentence.

Earlier this year, Mr. Johnson moved under 18 U.S.C. § 3582(c)(1)(A) for compassionate release from FCI Fairton, citing the risks that the COVID-19 pandemic presents for him because of his asthma, hypertension, prediabetes, mental health, and the number of inmates infected at the prison where he is housed.  (ECF No. 61.)  The Court denied Mr. Johnson's motion, finding that these conditions were not "extraordinary and compelling reasons warrant[ing] . . . a reduction" to Johnson's sentence under Section 3582(c).  July Op. at 1-3.  Further, the Court held that even if these were considered extraordinary or compelling reasons under the statute, it still would not grant Mr. Johnson's application in light of the 18 U.S.C. § 3553(a) sentencing factors, which the Court was required to consider.  18 U.S.C. § 3852(c)(1)(A).  The Court found that those factors, including the fact that Mr. Johnson conspired to engage in sex trafficking of a minor while on probation for the very same crime, "commandingly counsel[ed]" against his release.  July Op. at 2-3.

The basis of Mr. Johnson's motion to reconsider is three "recently discovered" factors related to his health: (1) that he is classified as obese; (2) that his prediabetes has now become Type 2 diabetes; and (3) that FCI Fairton has a number

of inmates who have tested positive for COVID-19.  (ECF No. 65 at 2.)  Mr. Johnson also argues that he is no longer an unrepentant gang member, that he has been rehabilitated in prison, and that the nature of his offense overstates his actual conduct.  (Id. at 11–13.)  Finally, Mr. Johnson cites to cases in which other district courts have exercised their discretion to grant compassionate release to prisoners with health conditions that are considered COVID-19 risk factors.[3]  (Id. at 7–11.)

"The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court."  Lisi, 2020 WL 1331955, at *1 (citation omitted).  Such relief may be granted when the movant identifies an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).

---

[3]  Mr. Johnson's motion also focuses on case law discussing how the First Step Act displaces the Application Notes to U.S. Sentencing Guidelines 1b1.13 dealing with compassionate release.  (See ECF No. 65 at 2-3.)  However, the Court did not decide Mr. Johnson's motion for compassionate release by application of Section 1b1.13; rather, the Court decided the motion strictly under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act.  Mr. Johnson's citations to these cases are therefore irrelevant.

Mr. Johnson's motion for reconsideration does not meet these standards. In his motion for compassionate release in May, Mr. Johnson already alerted the Court to, and the Court already considered, the COVID-19 positivity rates at FCI Fairton[4] as well as the 37-year-old's underlying mental, asthmatic, hypertensive, and prediabetic health conditions. (ECF No. 61 at 4; July Op. at 2-3.) Additionally, the Court has been aware of Mr. Johnson's obesity since sentencing based on his physiological description in the presentence investigation report. And, while Mr. Johnson's prediabetes has progressed to Type 2 diabetes, which is labeled a COVID-19 risk factor under the Centers for Disease Control and Prevention guidelines,[5] that neither ends the inquiry nor persuades the Court that its decision from July needs to be revisited. That is because however much Mr. Johnson's changed

---

[4]     At the time of his initial motion in May, Mr. Johnson asserted that FCI Fairton is second only to the federal prisons in New York as far as COVID-19 positive cases. (ECF No. 61 at 4.) While an unfortunate statistic, that 100 inmates at FCI Fairton have tested positive to date for COVID-19 is not exceptional; in fact, several dozen federal correction facilities have had more sick inmates than FCI Fairton. See BOP, COVID-19 (last visited November 24, 2020), https://www.bop.gov/coronavirus/. Moreover, FCI Fairton currently has zero inmates who are positive with COVID-19, which is particularly noteworthy compared to the spikes in COVID-19 cases outside the prison in New Jersey, which includes areas that have positivity rates that are close to 20%. See Kevin Armstrong & Tracey Tully, 19% Positivity Rate as Virus Soars in Newark, New Jersey's Largest City, N.Y. Times (Nov. 11, 2020), https://www.nytimes.com/2020/11/11/nyregion/nj-newark-coronavirus-curfew.

[5]     CDC, People With Certain Medical Conditions (last updated Nov. 2, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

diagnosis may incrementally tilt in favor of his release, that does not come close to balancing out the formidable weight of the reasons under Section 3553(a) for not disturbing the sentence as initially imposed.

The Section 3553(a) factors that the Court must consider include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," to "afford adequate deterrence to criminal conduct," and to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

While Mr. Johnson now argues that he has reformed in prison and "has long since renounced his gang membership" (ECF No. 65 at 12), that does little to disturb the Court's assessment of these factors. That is because it still remains that Mr. Johnson, while on supervised release following an 88-month prison sentence for sex trafficking of a minor and while violating the sex offender registry law, conspired to coax an adolescent girl into working for him as a prostitute. Also unchanged is the threat Mr. Johnson continues to pose to the community, especially children, based on the gravity of his crimes and his criminal history. Likewise, the interests

of upholding Mr. Johnson's original sentence to promote respect for the law, to provide specific and general deterrence, and to carry out a just punishment for the crimes he committed remain the same.  So, too, is the Court's judgment that the Section 3553(a) factors still "commandingly counsel" that Mr. Johnson not be released.

Finally, "[t]he determination as to what constitutes extraordinary and compelling reasons warranting a reduction [under Section 3582] is committed to the sound discretion of the district court," and turns on the court's "individualized determination" of the "particular circumstances" of each case.  United States v. Roney, No. 20-1834, 2020 WL 6387844, at *2–3 (2d Cir. Nov. 2, 2020).  As such, the opinions Mr. Johnson's cites in which other courts have granted applications for compassionate release based on assessing the factors unique to those cases neither establish that the Court erred in denying Mr. Johnson's motion the first time nor signal that there was an intervening change in the law.

Mr. Johnson's motion for reconsideration is therefore denied.  His requests to reduce his sentence to time served, to immediately release to home confinement, reduce his sentence by up to 25%, amend the judgment to recommend that he receive the maximum halfway house placement of one year

afforded under the First Step Act, and appoint counsel are denied.[6]

The Clerk of Court is respectfully directed to terminate the motion currently pending at ECF No. 65.

**SO ORDERED.**

Dated:   New York, New York
         November 24, 2020

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[6] Mr. Johnson does not have a right to counsel at this stage relating to the relief he seeks. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). The Court has also considered the applicable criteria for the discretionary appointment of counsel, see Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986), and concludes that appointment of counsel is not appropriate.

Copy to:

Anthony Johnson
Register No. 81532-004
FCI FAIRTON
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 420
FAIRTON, NJ 08320

-8-