```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
UNITED STATES OF AMERICA,

       - against -                          MEMORANDUM AND ORDER

ANTHONY JOHNSON,                            17 Cr. 212 (NRB)

              Defendant.
---------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On October 30, 2018, defendant Anthony Johnson was sentenced to a term of imprisonment of 121 months for a conviction committed while under supervised release. ECF No. 90 ("Supplemental PSR") ¶ 51. Johnson has a projected release date of April 6, 2026. Id. at 1. At sentencing, the defendant faced a United States Sentencing Guidelines range of 121-151 months based on a Total Offense Level of 29 and a Criminal History Category of IV. Id. at 3. As part of his Criminal History computation, the defendant received two additional points for committing the offense while on supervised release pursuant to the then-applicable November 1, 2016 U.S. Sentencing Guidelines § 4A1.1(d). Id. at ¶ 51.

The United States Probation Department issued a Supplemental Presentence Report indicating that the defendant is eligible for a status point recalculation and a sentence reduction pursuant to Amendment 821 to the United States

Sentencing Guidelines. ECF No. 90. Amendment 821, which went into effect on November 1, 2023 and applies retroactively, provides for a potential recalibration of a defendant's sentencing guidelines if he had zero criminal history points or if he committed the instant offense while under a criminal justice sentence. Mr. Johnson has moved for a sentence modification pursuant to 18 U.S.C. § 3582(c)(2), relying on Amendment 821, and seeks a reduced sentence of 108 months, the bottom of the applicable guidelines range. The Government opposes.[1] For the reasons below, plaintiff's motion is granted.

Under 18 U.S.C. § 3582(c)(2), this Court, "after considering the factors set forth in section 3553(a)," may reduce a term of imprisonment if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The statute "establishes a two-step inquiry." Dillon v. United States, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized," id. at 827, and

---

[1] On June 7, 2024, the defendant, represented by CJA counsel, filed a motion for a sentence modification pursuant to 18 U.S.C. § 3582(c)(2), relying on Amendment 821. See ECF No. 92 ("Mot."). On July 9, 2024, the Government opposed defendant's motion. See ECF No. 94 ("Opp."). On July 23, 2024, defendant filed his reply. See ECF No. 95 ("Reply").

§ 1B1.10 in turn requires the court to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced" holding all else constant, U.S.S.G. § 1B1.10(b)(1). "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 827.

Here, the U.S. Probation Department is correct and no side disputes that the defendant is eligible for a status point recalculation and a sentence reduction. Supplemental PSR at 2-3. As the Supplemental Presentence Report details, under Amendment 821, the defendant would only have six criminal history points and would not have any additional status points for having committed the offense while under a criminal justice sentence. Therefore, the defendants Total Offense Level remains 29, but his Criminal History Category is III and the applicable U.S.S.G. Guideline Range is 108-135 months.

The Court must now consider the § 3553(a) factors and determine, in its discretion, whether a reduction is

warranted. See Dillon, 560 U.S. at 827. These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a). The Court may also consider the defendant's conduct since his sentence. U.S.S.G. § 1B1.10, cmt. n. 1(B)(iii). Johnson maintains that he has "taken significant steps towards leading a law-abiding life" including completing educational programing while incarcerated, participating in mental health and substance abuse programing, and maintaining contact with family.[2] Mot. at 3-5. He also notes that he has faced harsh conditions due to COVID-19.[3] Id. at 6. In response, the Government argues that the § 3553(a) factors do not warrant a sentence reduction given the nature of the defendant's offense and a number of disciplinary infractions. See Opp. at 2-3.

The Court commends Mr. Johnson's efforts while incarcerated and strides to take advantage of educational,

---

[2] The defendant has provided the Court and the Government additional information under seal regarding programming and strides he has taken while incarcerated that are commendable and, in this Court's view, reflect the defendant's acceptance of the crime and the seriousness of his offense, and progress towards rehabilitation. While this information has been presented to the Court under seal, suffice it to say that it strengthens the Court's conclusion.

[3] While the Court recognizes that the defendant's incarceration may have been more difficult due to the COVID-19 pandemic, to be clear, that factor alone does not tip the scales in favor of a sentence reduction. Indeed, the effects of the COVID-19 pandemic on Mr. Johnson's incarceration have been the subject of two prior decisions denying his motion for compassionate release and a reconsideration of that motion. See ECF No. 63; see also, United States v. Johnson, No. 17 Cr. 212 (NRB), 2020 WL 6891457 (S.D.N.Y. Nov. 24, 2020).

work, and substance abuse programs. Specifically, the defendant's participation in the Residential Drug Abuse Program is notable. The Bureau of Prisons describes this program as "the Bureau's most intensive treatment program" with "research findings demonstrat[ing] that RDAP participants are significantly less likely to recidivate." See Substance Abuse Treatment, Federal Bureau of Prisons, https://www.bop.gov/inmates/custody_and_care/substance_abuse_treatment.jsp (last visited August 9, 2024). In addition, while the Government is correct that the defendant has received a number of serious disciplinary violations while in custody, the last violation occurred in August 2022, months before the defendant was transferred to a new facility and no additional violations have occurred since then.

There is no question that the defendant committed a serious offense while under supervision after a lengthy custodial sentence for the same crime. The Court's decision to sentence the defendant to a term at the bottom of the then-applicable guidelines was appropriate. However, balancing the § 3553(a) factors including the nature and circumstances of the offense and the need to afford adequate deterrence, with the significance of a 108-month sentence and the defendant's conduct since sentencing, the Court finds that a reduction of the defendant's sentence from 121 months to 108

-5-

months, at the bottom of the now-applicable guidelines range, is sufficient, but not greater than necessary, to achieve the goals of sentencing in this case.

Accordingly, this motion is granted and defendant's sentence is reduced to 108 months. The Clerk of Court is respectfully instructed to terminate the motion pending at ECF No. 91. An Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) will shortly follow this Memorandum and Order.

**SO ORDERED.**

Dated:   August 15, 2024
         New York, New York

                                    _____
                                        NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE